St. Louis & San Francisco Railway Company v. T. D. Dodgin.

Decided April 9, 1910.

**1.—Negligence—Refusal of Special Charge—Practice.**

In a suit for damages for personal injuries alleged to have been caused by defendant's negligence, a special charge requested by defendant considered and held properly refused because it merely presented the negative of plaintiff's case, which was sufficiently done in the main charge.

**2.—Charge—Undisputed Fact.**

When there is practically no conflict in the testimony concerning a fact it is not reversible error for the court to assume it as true in its charge.

**3.—Personal Injuries—Medical Expenses—Charge.**

When, in a suit for damages for personal injuries, the amount of expenses of plaintiff's sickness is not limited in the petition, and the testimony of the witnesses varies as to the amount recoverable, it is not error for the court to fail to limit the recovery to the highest sum named by any witness; to do so would be to emphasize the testimony of such witness.

**4.—Same—Matter of Inducement—Harmless Error.**

The admission of testimony to the effect that plaintiff's wife and children

were with him on a railroad train when he was injured, would not be reversible error when said testimony was but a statement of a part of the res gestae or setting of the situation at the time, and the verdict was not excessive.

Appeal from the District Court of Hardeman County. Tried below before Hon. S. P. Huff.

*Andrews, Ball & Streetman* and *Fires, Decker & Clarke,* for appellant.

*Howard & Barrett* and *Hamilton & Davidson,* for appellee.

CONNER, Chief Justice.—Appellee instituted this suit in the District Court to recover the sum of nineteen-hundred and fifty dollars as damages for personal injuries. He alleged that while seated as a passenger on one of appellant's trains and while said train was standing appellant's servants and employes suddenly and negligently "and without warning to plaintiff, ran and propelled and caused to be run and propelled against said train, an engine or cars with great force and violence; that the force, violence and shock of propelling and hurling said engine and cars against said train, knocked down and caused to fall from its fastenings a transom light or window sash which was insecurely and negligently placed in the upper part of the car in which plaintiff was traveling. That said window sash or transom had projecting from its side or edge a sharp substance of some kind, the exact nature of which plaintiff does not know; that said transom or window sash struck plaintiff in the face, across the breast and on the thigh, and thereby injured him. That the sharp substance projecting from said sash struck and stuck into plaintiff's face, cutting and lacerating the flesh and causing the same to bleed profusely, and fracturing the bones of his face, which produced a painful and dangerous wound and rendered plaintiff unconscious for a long while; that plaintiff's chest and thigh were bruised and injured, and his eyesight impaired and weakened and his eyes permanently injured by the fall of said sash, from which he suffered pain and continues to suffer pain to the present time. . . . That by reason of the force of the blow he received by said sash striking him he received a sudden and violent nervous shock, resulting in a serious and painful and permanent injury to his nervous system," etc. The trial resulted in a judgment in appellee's favor for two hundred and seventy-five dollars.

The appellant complains of the court's refusal to give the following special charge: "Unless you find from the evidence that the injury alleged to have been received was brought about by some defect in the equipment of defendants or in the handling of its train, which defects could have been foreseen and rough handling of train provided against by the exercise of that high degree of care which a cautious and prudent person is accustomed to use under similar circumstances, then you will find for the defendants." The court in addition to charging that the burden was upon the plaintiff to establish the material allegations of his petition by a preponder-

ance of the evidence, also instructed the jury that "if you fail to find that the defendant was guilty of negligence in the particulars alleged in the petition; or if you fail to find that any injury resulted to the plaintiff, you should find for defendant." The special instruction did not embody an affirmative defense, but merely presented the negative of plaintiff's case which, as we think, was sufficiently done in the clause of the court's charge we have quoted.

Appellant's contention that plaintiff's case was based in part at least upon the allegation that the window or transom which injured him was defective in its fastenings, and that appellant has offered evidence "that the defect was not apparent and could not have been detected by the use of the highest degree of care, that the car was duly and properly inspected," etc., is not supported by the record. While the petition may be said to charge negligence in respect to the window fastenings, the reference to the insecurely fastened window is apparently but little more than a passing one leading up to what was distinctly alleged as the ground of recovery, viz., the sudden and negligent coupling described in the petition, and we find no evidence that raises the issue of inspection. The only evidence of inspection relied upon is the testimony of the witness Fahs, who was not an inspector but only the conductor of the train. His testimony on this subject was to the effect merely that when he took charge of the train on the trip in question he examined it, as it was his duty to do, to ascertain whether or not everything about the train was in good condition and that "if there had been anything unusual in the appearance of that transom before I started out on that trip I would have noticed it in the examination of the train that I made. If there had been anything unusual about the general appearance of the train I would have noticed it." On cross-examination he testified that he supposed "that there was something like one hundred and twenty transoms in the three coaches. I did not go around and inspect each one of those one hundred and twenty transoms before I left Oklahoma City. I did not inspect each particular transom, no." We think it plain that the testimony of the conductor fails to show that it was either his duty to do · so or that he in fact made any inspection whatever to ascertain whether or not the fastenings on the transom under consideration were properly fastened. It may have been insecurely fastened, and yet there be nothing in its position to indicate to one casually passing through the train that the fastenings were insecure. So that, as stated, we think the court's charge sufficiently embodied all of the requested charge that appellant was entitled to.

What we have above said is in part also an answer to appellant's third assignment complaining of the second paragraph of the court's charge wherein he instructed the jury that if "you find from the evidence that the plaintiff, T. D. Dodgin, was a passenger on the train of the defendants and as such was injured by the falling of a transom or window sash of such train, which was insecurely fastened, and that the engineer or servants of the defendants suddenly and with force propelled an engine, car or cars, against the train on which plaintiff was then a passenger," etc. It is insisted that this

is on the weight of the testimony in that it conveyed the idea that the court was of the opinion that the transom was insecurely fastened. Reading the paragraph of the charge as a whole, we hardly think the use of the parenthetical expression "which was insecurely fastened" is subject to the criticism made. (See Galveston, H. & S. A. Ry. v. Waldo, 32 S. W., 783; Houston, E. & W. T. Ry. v. Summers, 49 S. W., 1107; Triolo v. Foster, 57 S. W., 699.) But if so, we do not think the judgment in this case should be reversed therefor in view of what seems to be the almost, if not quite, undisputed testimony to the effect that the transom was in fact insecurely fastened. Otherwise it would not have fallen, there being no evidence that any other window or transom in the car was dislodged by the force of the coupling made, unusually violent though it was as indicated by some of appellee's testimony.

Nor do we think the charge erroneous on the measure of damages in that it failed to limit a recovery for expenses of appellee's sickness to the highest sum named by the testimony. The amount of the claim in this respect was not limited in the petition and to have instructed the jury as is insisted should have been done, would have been but to emphasize the testimony of that witness stating the highest amount recoverable on this ground. We think the court properly instructed the jury that if they found for the plaintiff they might take into consideration among other things "the reasonable and necessary expense incurred by him for medical attention and for medicine in the treatment of such injuries, if any."

On the ground that the facts were not so alleged, appellant also complains that the court erred in permitting the introduction of evidence in appellee's behalf tending to show that at the time of his injury appellee's family, consisting of wife and children, was with him; that the injury over the eye, such as was shown by some of the testimony, would tend to make the eye water and bring about a generally nervous state, and that in consequence thereof appellee had been nervous and sleepless. We find no error in these rulings. There was no exception to the pleading which we have quoted, and in the absence of such exception the general allegations authorized the evidence of injuries complained of, and the reference to appellee's family was but a passing one, evidently but a statement of a part of the res gestae or setting of the situation at the time, and nothing in the result indicates that it had any prejudicial effect whatever. Nor do we think the evidence of Dr. Cooper to the effect that a natural result of appellee's injuries would be "general nervousness," objectionable on the ground that it was elicited by a hypothetical question "assuming facts not shown by the evidence."

We conclude that all assignments of error should be overruled and the judgment affirmed.

*Affirmed.*